UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RASCHINNA CRAIG, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-00281-WWE |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CENTER, | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

This is an action by a former employee claiming violations of the Family and Medical Leave Act ("FMLA") (Count I), the Americans with Disabilities Act ("ADA") (Count II), the Rehabilitation Act (Count III), the Connecticut Fair Employment Practices Act ("CFEPA") (Count IV), and the Connecticut Unfair Trade Practices Act ("CUTPA") (Count V). Plaintiff also asserts a state law claim for negligent infliction of emotional distress (Count VI). Defendant has moved to dismiss the complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim. For the following reasons, defendant's motion [Doc. # 11] will be granted in part and denied in part.

## BACKGROUND

In reviewing a motion to dismiss, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff.

Plaintiff Raschinna Craig was employed by defendant University of Connecticut Health Center's Finance Department since November 2001. In 2009, plaintiff reached the position of Staff Accountant II.

Plaintiff became pregnant in February 2010. On November 3, 2010, she experienced a severe medical episode at work. Accordingly, plaintiff's physician placed her on an immediate

bed rest regimen because of the high risk to plaintiff and her unborn child.

Although plaintiff submitted the necessary documentation and information to take FMLA leave, defendant failed to complete its portion of the medical certificate form.  Accordingly, the certificate completed by plaintiff's physician was not identified as plaintiff's.

Using its own negligence in preparing the medical certificate form as an excuse, defendant determined that plaintiff's leave had been unauthorized.  Finding that plaintiff had effectively resigned, defendant abolished plaintiff's position without notice to her.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Service of Process**

Defendant argues that plaintiff failed to serve her complaint within 120 days of filing as required by Rule 4(m).  Indeed, plaintiff filed her complaint on March 1, 2013, and served her complaint on defendant 175 days later on August 23, 2013.  Rule 4(m) provides that if service is

2

not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion "shall dismiss the action without prejudice as to that defendant."

In accordance with Federal Rule of Civil Procedure 4(m), the district court is required to extend time for service of process where a plaintiff shows good cause, and the district court has discretion to grant extensions in the absence of good cause. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). In this instance, because part of plaintiff's complaint will survive on the merits, efficiency dictates that plaintiff not be forced to re-file the action. Such result would burden both parties. Accordingly, in exercise of its discretion, the Court will allow for the extension of time to effect service, and it will deny the motion to dismiss on service of process grounds.

**Eleventh Amendment Immunity**

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Defendant argues that the Court lacks subject matter jurisdiction because Counts I, II, and IV - VI (all but Count III) are barred by the State's immunity from suits under the Eleventh Amendment.

Plaintiff objects only to the dismissal of Count I, regarding violation of the FMLA. Accordingly, Counts II, IV, V, and VI will be deemed abandoned. See Lami v. Stahl, 2007 WL 3124834 at *1 (D. Conn. Oct. 25, 2007) ("It is well settled that a failure to brief an issue is grounds to deem the claim abandoned.").

"In response to a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Santiago v. Connecticut Dept. Of Transportation, 2012 WL 5398884 at *2 (D. Conn. Nov. 5, 2012) (internal citation omitted).  Here, plaintiff cites Nevada Dep't of Human Resources v. Hibbs for the proposition that Congress has abrogated state sovereign immunity with regard to FMLA's family-care provisions.  538 U.S. 721, 725 (2003).

Under the FMLA, an eligible employee may take up to 12 weeks of leave per 12-month period for one or more of the following:

> (A)  Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B)  Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C)  In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D)  Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> (E)   Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1)

The Supreme Court recently referred to subparagraphs (A), (B), and (C) as the family-care provisions and distinguished them from subparagraph (D), the self-care provision.  Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327, 1332 (2012).  Defendant argues that subparagraph (D) is at issue here.

Pursuant to the Eleventh Amendment, federal courts generally lack the authority to

adjudicate lawsuits against the States.  However, using its power under Section 5 of the Fourteenth Amendment, Congress may explicitly carve out specific exceptions where suits against the States will be permitted.

> Whether a congressional Act passed under § 5 can impose monetary liability upon States requires an assessment of both the 'evil' or 'wrong' that Congress intended to remedy, and the means Congress adopted to address that evil. Legislation enacted under § 5 must be targeted at conduct transgressing the Fourteenth Amendment's substantive provisions.  And there must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.

Id. at 1333 (internal citation omitted).

While the Supreme Court found that the family-care provisions are narrowly targeted to address the significant wrong of sex-based discrimination in family-leave policies, "[t]he same cannot be said for requiring the States to give all employees the opportunity to take self-care leave."  Id. at 1334.  Accordingly, the self-care provision (subsection (D)) is not a valid abrogation of the States' Eleventh Amendment immunity.  Nevertheless, considering that plaintiff was approaching full term pregnancy and drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff may qualify under 29 U.S.C. § 2612(a)(1)(A), the family - care provision relating to the birth and care for a son or daughter.  Accordingly, defendant's motion to dismiss will be denied with respect to plaintiff's FMLA claim.

### Discrimination under the Rehabilitation Act

Defendant argues that plaintiff has failed to state a claim under the Rehabilitation Act. The Court agrees.

Courts look to the ADA when interpreting Section 504 of the Rehabilitation Act because "Section 504 of the Rehabilitation Act and the ADA impose identical requirements." Rodriguez

v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999).  "[C]ourts generally hold that complications arising from pregnancy do not qualify as disabilities under the ADA." Wanamaker v. Westport Bd. Of Educ., 899 F. Supp. 2d 193, 211 (D. Conn. 2012).  Moreover, plaintiff has declined to defend her Rehabilitation Act claim, so the Court deems the claim abandoned.

## CONCLUSION

For the above stated reasons, defendant's motion to dismiss [Doc. # 11] is GRANTED in part and DENIED in part.  Plaintiff's FMLA claim (Count I) remains.

Dated this 3rd day of September, 2014, at Bridgeport, Connecticut.


                /w/Warren W. Eginton
                WARREN W. EGINTON
                SENIOR UNITED STATES DISTRICT JUDGE